UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LINDSEY GAMBUZZA,

    Plaintiff,

v().                                         Case No. 8:09-cv-449-T-23TGW

JAMEY HIGGINBOTHAM, et. al.,

    Defendants.
_____/

## O R D E R

Gambuzza, a pre-trial detainee, alleges that his civil rights were violated when he slipped and fell on the stairs inside a housing unit in the Manatee County jail. He alleges that the medical personnel failed to properly treat his obvious injuries. The defendants are either custody officers or medical personnel. A motion to dismiss and several non-dispositive motions are pending.

Defendants Maj. Higginbotham, Capt. Ackles, and Correctional Officers ("C/O") Kögle and Jones—custody officers with the Manatee County Sheriff's Office ("MCSO")—move (Doc. 83) to dismiss from the amended complaint (Doc. 37) the "official capacity" claim alleged against them. These defendants argue that the "official capacity" claim is redundant of the "official capacity" claim alleged against defendant Sheriff Steube. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985), explains the difference between "individual capacity" and "official capacity."

> Personal-capacity[1] suits seek to impose personal liability upon a government official for actions he takes under color of state law. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 237-238, 94 S. Ct. 1683, 1686-1687, 40 L. Ed. 2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55, 98 S. Ct. 2018, 2035, n. 55, 56 L. Ed. 2d 611 (1978).

Because the "official capacity" claim is actually a claim against the entity (Manatee County), Gambuzza's "official capacity" claim against Sheriff Steube is adequate to protect Gambuzza's interests. Consequently, the motion to dismiss has merit.

Gambuzza moves to compel (Doc. 94) Maj. Higginbotham to answer certain interrogatories. Based on the response (Doc. 117), the motion to compel is moot. Gambuzza's motion for sanctions (Doc. 97) against Maj. Higginbotham lacks merit.

Gambuzza moves (Doc. 99) for an extension of the discovery deadline. The medical defendants represent (Doc. 102) that they have no objection. Although not specifically addressing Gambuzza's motion, the custody officers' motion (Doc. 101) for leave to take the deposition of a confined individual shows their desire to continue discovery. Although filed in accordance with the earlier deadline, the defendants' motions for summary judgment (Doc. 103 and 107-10) are premature because additional discovery is apparently desired by both Gambuzza and the custody officers.

Accordingly, the motion to dismiss (Doc. 83) is **GRANTED**. The "official capacity" claim against defendants Maj. Higginbotham, Capt. Ackles, and C/O Kögle and Jones is dismissed from the amended complaint. (Doc. 37) Gambuzza's motion to

---

[1] Graham, 473 U.S. at 165 n.10, explained that "[p]ersonal-capacity actions are sometimes referred to as individual-capacity actions."

compel (Doc. 94) is **DENIED** as moot and his motion for sanctions (Doc. 97) is **DENIED**. Gambuzza's motion (Doc. 99) to extend discovery is **GRANTED**.  Each party has until **MONDAY, JULY 11, 2011**, to complete discovery and **MONDAY, AUGUST 15, 2011**, to file a motion for summary judgment.  **Absent extraordinary circumstances, these deadlines will not be extended.**  The pending motions for summary judgment (Doc. 103, 107, 108, 109, and 110) are **STRICKEN** as premature.  The motions for extension of time (Doc. 104, 105, and 112) are **DENIED** as moot.  The custody officers' motion (Doc. 101) for leave to take deposition of a confined individual and motion (Doc. 114) to substitute counsel are **GRANTED**.

ORDERED in Tampa, Florida, on May 16, 2011.

/s/ Steven D. Merryday

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE